**NOT DESIGNATED FOR PUBLICATION**

**STATE OF LOUISIANA**

**COURT OF APPEAL**

**FIRST CIRCUIT**

**2024 CA 0715**

TENISHA MICHELLE JENKINS BUTLER

VERSUS

PERCY LAWRENCE BUTLER, JR.

Judgment Rendered: **FEB 2 8 2025**

* * * * * *

On Appeal from the Family Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. F234104

Honorable Erika L. Green, Judge Presiding

* * * * * *

Dawn C. Collins
Charlotte C. McDaniel
Baton Rouge, Louisiana

Counsel for Plaintiff/Appellant
Tenisha Michelle Jenkins Butler

Demi L. Vorise
Port Allen, Louisiana
-and-
Travis J. Turner
Alvin Turner, Jr.
Gonzales, Louisiana

Counsel for Defendant/Appellee
Percy Lawrence Butler, Jr.

* * * * * *

**BEFORE:  McCLENDON, C.J., LANIER AND BALFOUR, JJ.**

**McCLENDON, C.J.**

This is an appeal from a judgment that dismissed the plaintiff's request for a protective order pursuant to the Domestic Abuse Assistance statutes, LSA-R.S. 46:2131, *et seq.* For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

The parties, Tenisha Michelle Jenkins Butler and Percy Lawrence Butler, Jr., were married on August 5, 2005. On September 19, 2023, Mrs. Butler filed a petition for divorce and ancillary matters. Mrs. Butler asserted that she was entitled to a divorce based on adultery and physical abuse, pursuant to LSA-C.C. art. 103(2) and (4). She requested joint custody of the minor children, to be designated the domiciliary parent, child support, and interim spousal support.[1] Mrs. Butler also filed a request for a temporary restraining order pursuant to LSA-R.S. 9:361, *et seq.* Mr. Butler answered the petition on October 12, 2023, generally denying its allegations, and filed a reconventional demand, seeking joint custody and other child-related matters.

On October 13, 2023, the Family Court of East Baton Rouge Parish (the trial court) signed the request for a temporary restraining order, pursuant to LSA-R.S. 9:361, *et seq.,* and set the matter for hearing on November 7, 2023. At the hearing, the trial court granted Mr. Butler's oral motion to dismiss the protective order. Also, on November 7, 2023, Mrs. Butler filed a Petition for Protection from Abuse pursuant to LSA-R.S. 46:2131, *et seq.*[2] The trial court signed the request for a temporary restraining order and set a hearing for November 14, 2023. The hearing on the protective order was reset for December 6, 2023, and the trial court signed another temporary restraining order on November 14, 2023.[3]

At the hearing on December 6, 2023, evidence was introduced and Mr. Butler and Mrs. Butler testified. No other witnesses were called. Following the hearing, the trial court ruled that it was dismissing the protective order. However, the trial court granted

---

[1] Four children were born of the marriage, with one child having reached the age of majority by the time the petition for divorce was filed.

[2] Although checked off as a Supplemental and Amending Petition, this petition was the first Petition for Protection from Abuse filed by Mrs. Butler pursuant to the Domestic Abuse Assistance statutes.

[3] The trial court held a hearing regarding custody and support on November 14, 2023.

2

injunctive relief pursuant to LSA-C.C.P. art. 3601.[4] The trial court also ordered the parties to stay away from each other and to communicate through Our Family Wizard.[5]

The trial court signed a judgment on December 6, 2023, ordering a mutual permanent injunction pursuant to LSA-C.C.P. art. 3601, forbidding either party from harassing or contacting the other party personally, electronically, by phone, in writing, through a third party, or posting anything on social media referencing the other party; prohibiting the parties from communicating through the minor children's phones; and ordering that the parties maintain communication through Our Family Wizard as previously ordered.[6] On that same date, the trial court also issued a Judgment of Dismissal of the Louisiana Uniform Abuse Prevention Order, dismissing without prejudice Mrs. Butler's Petition for Protection from Abuse in light of the trial court's "stay away order" pursuant to LSA-C.C.P. art. 3601.

Mrs. Butler appealed the December 6, 2023 judgment, asserting that the trial court erred in finding that she was not entitled to a protective order where there was an instance of family violence, which resulted in the loss of her tooth and a lacerated lip. Mrs. Butler also asserted that the trial court erred in limiting the evidence as to past instances of family violence. Additionally, Mrs. Butler contends that the trial court erred in making determinations of custody before hearing the domestic abuse issues and in failing to modify custody in light of the history of family violence.[7]

## DISCUSSION

Protective orders are issued in domestic violence matters pursuant to the LSA-R.S. 46:2131, *et seq.* The purpose of the law is to provide relief to victims of domestic violence by establishing a civil remedy for domestic violence that affords the victim immediate and easily accessible protection. LSA-R.S. 46:2131; **Pierce v. Pierce**, 2019-0689 (La.App. 1 Cir. 2/21/20), 298 So.3d 902, 906. The court may issue a protective order for "good

---

[4] Louisiana Code of Civil Procedure article 3601(A) provides, in pertinent part, that "[a]n injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law."

[5] The trial court's oral ruling became its written reasons, which the trial court signed on January 17, 2024.

[6] The trial court ordered the parties to communicate through Our Family Wizard at the November 14, 2023 hearing on custody issues.

[7] Mrs. Butler filed a motion for new trial, which was denied on February 27, 2014.

cause shown," which requires a showing of immediate and present danger of abuse. LSA-R.S. 46:2135A; 46:2136; **Compton v. Chatman**, 2021-0706 (La.App. 1 Cir. 2/25/22), 341 So.3d 581, 585, writ denied, 2022-00527 (La. 5/3/22), 337 So.3d 154. In determining the existence of an immediate and present danger of abuse, the court shall consider any and all past history of abuse, or threats thereof. There is no requirement that the abuse itself be recent, immediate, or present. LSA-R.S. 46:2135A. Pursuant to LSA-R.S. 46:2136(A), the court may grant a protective order to bring about a cessation of abuse of a party. **Pierce**, 298 So.3d at 906.

Additionally, the definition of domestic abuse includes, but is not limited to, physical or sexual abuse or any offense against the person, physical or non-physical, as defined in the Louisiana Criminal Code, except negligent injury and defamation, committed by one family or household member against another. LSA-R.S. 46:2132(3). Louisiana courts have held that the definition of domestic abuse in LSA-R.S. 46:2132(3) does not include nonphysical acts, such as general harassment and family arguments, if those acts do not rise to the level of physical or sexual abuse in violation of the criminal code, or an offense against a person. **Pierce**, 298 So.3d at 906-07.

A trial court's decision to issue or deny a protective order is reversible only upon a showing of an abuse of discretion. **Head v. Robichaux**, 2018-0366 (La.App. 1 Cir. 11/2/18), 265 So.3d 813, 817. Additionally, the trial court sitting as a trier of fact is in the best position to evaluate the demeanor of the witnesses, and its credibility determinations will not be disturbed on appeal absent manifest error. **Id.** When conflicting testimony exists, this court cannot disturb the trial court's reasonable credibility evaluations and reasonable factual inferences. **Pierce**, 298 So.3d at 907.

In this matter, the appeal before us is from the December 6, 2023 judgment. Although Mrs. Butler argues that the trial court erred in failing to award her sole custody of the minor children, the judgment that awarded the parties joint custody of the minor children is not before us. The trial court held a hearing and ruled on custody, support, and related issues on November 14, 2023. On that date, the trial court also scheduled a judgment review regarding the custody and related issues for January 16, 2024, which

4

judgment was signed on February 7, 2024. Because the February 7, 2024 judgment is not before us on appeal, we are unable to review same.

The only ruling before us for review is the judgment dismissing the Petition for Protection from Abuse and ordering the mutual permanent injunction pursuant to LSA-C.C.P. art. 3601. Therein, Mrs. Butler contends that the trial court erred in failing to issue a protective order under the Domestic Abuse Assistance statutes.

During the December 6, 2023 hearing, Mr. Butler first testified as an adverse witness called by Mrs. Butler. Mr. Butler testified that he moved out of the family residence in September of 2021. He stated that after he moved out, he would go to the house on a regular basis before Mrs. Butler moved out in October of 2022. Mr. Butler testified that he and Mrs. Butler reconciled in March of 2022.

When asked about an incident on December 19, 2021, and whether he hit his wife and knocked out her tooth in front of her minor child, Mr. Butler replied, "Absolutely, not." Mr. Butler acknowledged that he was "fussing" at his wife because the house was not clean, and guests were supposed to be arriving shortly at their home. Mr. Butler testified that Mrs. Butler went into a rage and was the one who hit him with their son's trophy. He also testified that the children were in their rooms when this incident occurred. Mr. Butler stated that he was protecting himself and never hit his wife. Additionally, he testified that in order to protect his job, he agreed to pay for Mrs. Butler's dental work. Mr. Butler further denied ever threatening to have his wife killed.

Mrs. Butler testified that Mr. Butler told her that he was going to hire someone to "take [her] out." She stated that she was scared of Mr. Butler, put cameras in her new home, and had her brother and sister move in with her. Mrs. Butler stated that Mr. Butler would just show up at the house. As to the incident in 2021, Mrs. Butler testified that when Mr. Butler got to the house, complaining that it was dirty, she went into her bedroom, slammed the door shut, and Mr. Butler pushed the door open and got on top of her. Mrs. Butler stated that he hit her, and she tried to defend herself, grabbed something, and hit him. Mrs. Butler also testified that Mr. Butler would pass in his car in front of her house and that she rarely went outside because she was scared. Mrs. Butler also testified that she called the police after the December 19, 2021 incident.

5

The trial court questioned Mrs. Butler and asked whether Mr. Butler was allowed to go to her home. Mrs. Butler responded that he could pick up the children for sport practices. The trial court also asked Mrs. Butler if Mr. Butler would pass by the house unannounced between October of 2022 and August of 2023. Mrs. Butler replied affirmatively, stating that her family members and neighbors would text her when he did so, but that they were not in court to testify. Mrs. Butler stated that she always had an underlying fear of Mr. Butler.

Mr. Butler testified again in presenting his case. He stated that he never hit his wife and that on December 19, 2021, Mrs. Butler hit him numerous times with his son's football trophy, breaking it. He again stated that he was only defending himself, but that his elbow "[might have] hit her in the mouth." Mr. Butler also testified that about a week later he got a call from the district attorney's office and was told that Mrs. Butler did not want to press charges against him, but wanted her mouth fixed and her dental work paid for. Mr. Butler stated that he called the dentist's office for the costs and dropped off a cashier's check to the dentist for that amount.

Mr. Butler testified that he never hit, harassed, or threatened Mrs. Butler. He explained that the video regarding the payment of $5,000.00 was about paying a lawyer to get out of the marriage, not to kill Mrs. Butler. Mr. Butler also explained that Mrs. Butler texted messages to him through their child's phone because he had blocked her on his own phone, as she was "psycho texting" him and would text "all kind of stuff like trash." Mr. Butler introduced examples of text messages, which he stated did not indicate that Mrs. Butler was afraid of him.[8]

The trial court gave oral reasons for judgment, later transcribed as written reasons. The trial court specifically found that there was no evidence of stalking or of making threats. The court stated that credibility was an issue and that there was a lot of self-serving testimony. Particularly, the trial court questioned Mrs. Butler's credibility and found her testimony lacked any evidentiary support. However, the trial court found the parties' actions of blocking phone numbers, communicating on a child's phone, and Mr.

---

[8] In some of the texts, Mrs. Butler asked Mr. Butler to come to her home and have sex.

6

Butler raising his voice at times, made a stay-away order necessary, although such actions did not rise to the level, based on a lack of evidence, requiring a domestic abuse protective order. The trial court determined that the parties were already operating in essence under a stay-away order, which addressed Mrs. Butler's concerns for her safety. Further, the trial court found that Mr. Butler often went to the house with Mrs. Butler's permission to pick up the children and to drop off money or gifts. The trial court found that at no point did Mrs. Butler say she was afraid of Mr. Butler until she was ready to file her petition for divorce. Consequently, the trial court dismissed the protective order pursuant to LSA-R.S. 46:2131, *et seq.*, choosing instead to issue a permanent injunction pursuant to LSA-C.C.P. art. 3601.

When conflicting testimony exists, as here, we are not to disturb the trial court's reasonable evaluations of credibility and reasonable inferences of fact, and we may not reverse even if we are convinced that we may have weighed the evidence differently to reach a different result. In this case, the trial court relied heavily on credibility determinations. While the physical altercation between the parties is of grave concern, the trial court did not find Mrs. Butler's version of events credible. Accordingly, we are constrained to find that Mrs. Butler failed to establish an abuse of the trial court's vast discretion in dismissing the temporary restraining order issued pursuant to LSA-R.S. 46:2131, *et seq.*

## CONCLUSION

For the foregoing reasons, we affirm the December 6, 2023 judgment of the trial court, dismissing without prejudice the temporary restraining order issued pursuant to LSA-R.S. 46:2131, *et seq.*, and ordering the issuance of a permanent injunction pursuant to LSA-C.C.P. art. 3601. No appellate costs are issued in this pauper suit.

**AFFIRMED.**